UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| KELLI PRATHER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:26-CV-278-REW |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, *et al.*, | ) | OPINION & ORDER |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

Kelli Prather is an inmate confined at the Atwood minimum-security satellite camp ("Atwood") located at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"). Prather was permitted to proceed *in forma pauperis* by a prior Order. *See* DE 9. The Court now reviews Prather's pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Those provisions require the Court to dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant who is immune to such relief. At this stage of review, the Court accepts the plaintiff's well-pleaded factual allegations as true, *see Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007), and construes her complaint liberally in her favor, *see Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

Prather filed a complaint, *see* DE 1, an amended complaint, *see* DE 5, and a second amended complaint, *see* DE 6. An amended complaint ordinarily supersedes (or replaces) an earlier complaint for all purposes. *See In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013). And while a plaintiff may amend her complaint once as a matter of course, any additional amendments require the Court's approval or the opposing party's written

consent. *See* Fed. R. Civ. P. 15(a). Notwithstanding these principles, the Court has considered all the *pro se* plaintiff's submissions as a collective pleading.

Prather names the following defendants: (1) "United States Department of Justice Federal Bureau of Prisons"; (2) Federal Bureau of Prisons ("BOP") Director William Marshall; (3) United States Attorney General Todd Blanche; (4) the warden of Atwood; and (5) former warden of FMC Lexington David Paul. *See* DE 1 at 1-2; DE 5 at 1; and DE 6 at 1-2. While Prather did not use a Court-approved form for her first amended pleading, she used the Court's E.D. Ky. 520 Complaint Under § 1983 or *Bivens* Action form for her initial and second amended complaints. However, Prather indicates throughout her submissions that she seeks relief under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 3146(b), 2671 *et seq*. Prather also indicates that she is pursuing an FTCA class action on behalf of herself and other inmates. *See* DE 1 at 9; DE 1-1; DE 5 at 1; DE 5-3 at 1; DE 6-3. *See also* DE 5-4 (list of putative class members).

Prather alleges that she and the other inmates housed at Atwood live in deplorable conditions and do not receive adequate nutrition or medical care. Her claims are based on violations of the Eighth Amendment's prohibition on cruel and unusual punishment and the "prohibition against deprivation of life, liberty and violation of substantive rights during confinement" under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. *See* DE 1 at 9-10; DE 5 at 1; DE 6-4 at 14. For herself and other inmates, Prather seeks immediate release into "pre-release status," immediate medical care, and monetary damages. *See id.*

Despite Prather's use of an E.D. Ky. 520 Form, she appears to only seek relief under the FTCA.[1] However, in the interest of construing Prather's submissions liberally in her favor, the

---

[1] The Court notes that Prather filed a *Bivens* action against Warden Paul and other prison officials in *Prather v. Paul, et al.*, No. 5:26-cv-269-SCM (E.D. Ky. filed July 16, 2026).

Court considers whether she has stated a viable claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). To state a claim under *Bivens*, the plaintiff must "plead that each Government-official defendant, through the official's own conduct, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *see also Webb v United States*, 789 F.3d 647, 659 (6th Cir. 2015) ("plaintiff must show that the official either actively participated in the alleged unconstitutional conduct or implicitly authorized, approved, or knowingly acquiesced in the alleged unconstitutional conduct of an offending subordinate").

Prather has not alleged facts giving rise to a viable *Bivens* claim. Although she names four federal officials as defendants, she does not allege facts indicating that they, through their own conduct, violated her constitutional rights. It does not appear that Prather mentioned Defendant Blanche at all in the substantive allegations of her complaint. And while Prather reports that former Warden Paul (and perhaps the current warden) denied her motion for compassionate release, a convicted person has no constitutional or inherent right to be released conditionally prior to the expiration of her sentence. *See Greenholz v. Inmates of Nebraska Penal & Corr. Complex*, 99 S. Ct. 2100, 2104 (1979); *see also Hernandez-Castillo v. Bureau of Prison*, 56 F. App'x 256, 256-57 (6th Cir. Feb. 20, 2003) (noting that a prisoner has no procedural due process liberty interest in compassionate release).

Finally, Prather alleges that BOP Director Marshall announced the closure of Atwood but "failed to mention" its "deplorable conditions, . . the decomposing structures . . . [and] the unsafe and hazardous living conditions." *See* DE 6-3 at 1; DE 6-4 at 35. But to state an Eighth Amendment conditions-of-confinement claim, a plaintiff must allege facts indicating that the defendant knew that inmates faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 114 S. Ct. 1970, 1984 (1994).

Without more, it is unclear how Marshal's failure to "mention" the alleged conditions at Atwood constitutes a violation of Prather's constitutional rights. Thus, to the extent Prather alleges one or more claims under *Bivens* and its progeny, those claims will be dismissed.

The Court turns to Prather's claim under the FTCA. In general, the United States, as a sovereign entity, is immune from claims against it. *See, e.g.*, *United States v. Mitchell*, 103 S. Ct. 2961, 2965 (1983). The FTCA constitutes a limited waiver of that immunity, permitting suit against the United States for personal injuries caused by government employees. *See* 28 U.S.C. § 1346(b)(1). A plaintiff may proceed with a claim under the FTCA that is

> [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Brownback v. King*, 141 S. Ct. 740, 746 (2021) (quoting *FDIC v. Meyer*, 114 S. Ct. 996 (1994)). If any of these elements is lacking, the Court does not have jurisdiction over the claim. *See id.*

Prather's FTCA claim, as presently drafted, fails for a number of reasons. First, Prather did not name the United States (the only proper defendant to an FTCA claim) as a defendant in this case. *See Jude v. Comm'r of Soc. Sec.*, 908 F.3d 152, 157 n.4 (6th Cit. 2018). Next, an FTCA plaintiff must plausibly allege that the United States would be liable under state law if it were a private person. Prather's claims are based on alleged violation of the United States Constitution—not state law. *See Browning v. Pennerton*, 633 F. Supp. 2d 415, 427 (E.D. Ky. 2009) (observing that "constitutional torts cannot be brought under the FTCA"). Since Prather fails to make allegations satisfying the first and sixth elements stated above, this Court lacks jurisdiction over her claim.

The Court also notes that Prather's FTCA claim appears to be either untimely or premature. "Before a claimant may bring an action against the United States under the FTCA, 'the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing and sent by certified or registered mail.'" *Brooks v. Silva*, No. 13-6539, 2015 WL 12762112, at *2 (6th Cir. Apr. 6, 2015) (quoting 28 U.S.C. § 2675(a)). An FTCA claim must be filed in court "within six months after the date of mailing, by certified or registered mail, of the notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2408(b).

Prather tendered a letter from BOP Regional Counsel indicating that two of her administrative tort claims (Nos. TRT-MXR-2024-07625 and TRT-MXR-2024-08134) were denied on February 25, 2025. *See* DE 1-3 at 15. The present action was commenced on July 21, 2026—well beyond the six-month deadline. Prather tendered a second letter from Regional Counsel indicating that the BOP received Administrative Tort Claim No. TRT-MXR-2026-04944 on June 9, 2026. *See* DE 1-3 at 19. There is no indication that the BOP finally denied this claim prior to the commencement of this action, rendering an FTCA action based on it premature. *See Kellom v. Quinn*, 86 F.4th 288 (6th Cir. 2023); *Griss v. United States*, No. 6:25-206-REW (E.D. Ky. June 29, 2026).

Finally, Prather cannot represent a class of FTCA plaintiffs. While a litigant generally is entitled to represent herself in court, *see* 28 U.S.C. § 1654, a plaintiff may not "appear *pro se* where interests other than [her] own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)). And the Sixth Circuit has repeatedly recognized that a *pro se* inmate may not represent a class. *See Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. Feb. 6, 2003) (unpublished); *Palasty v. Hawk*, 15 F. App'x 197, 200

(6th Cir. June 20, 2001) (unpublished); *Marr v. State of Michigan*, No. 95–1794, 89 F.3d 834, at *1 (6th Cir. Apr. 25, 1996) (unpublished table opinion) (quoting *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[A]n imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class.").

In any event, Prather's collective pleading does not include any factual allegations indicating that the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied. *See Eager v. Credit Bureau Collection Servs., Inc.*, Nos. 1:13–CV–30, 1:13–CV–84, 1:13–CV–173, 1:13–CV–261, 2014 WL 3534949, at *8 (W.D. Mich. July 16, 2014) (citing *Moore v. Walter Coke Inc.*, 294 F.R.D. 620, 631 (N.D. Ala. 2013) (observing that a class action complaint must allege acts indicating that the four Rule 23(a) criteria are met and that the class falls within one of the types of classes described in Rule 23(b)).

Based on the foregoing analysis, the Court **ORDERS** as follows:

1. The Court **DISMISSES** this matter without prejudice.
2. The Court will enter a corresponding Judgment.

This the 18th day of August, 2026.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

**Signed By:**
***Robert E. Wier*** REW
**United States District Judge**